ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| LUIS F. OSUNA CARTAGENA, SANTA MATOS COTY<br><br>Recurrido<br><br>v.<br><br>MULTINATIONAL INSURANCE COMPANY<br><br>Peticionario | KLCE202400815 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número: CA2019CV04881<br><br>Sobre: Seguros-Incumplimiento Aseguradoras Huracán Irma/María |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de septiembre de 2024.

Comparece Multinational Insurance Company (MIC o peticionario) y nos solicita que dejemos sin efecto la *Resolución*[1] notificada el 28 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario), la cual fue objeto de reconsideración. Mediante el referido dictamen, el foro primario denegó las mociones de exclusión de prueba interpuestas por ambas partes.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.* Veamos.

### I.

El 20 de diciembre de 2019, Luis F. Osuna Cartagena y Santa Matos Coty (demandantes o recurridos) incoaron una *Demanda*[2] sobre incumplimiento de contrato de seguros, daños contractuales y extracontractuales en contra de MIC. Solicitaron el resarcimiento de los daños que el paso del Huracán María por Puerto Rico ocasionó

---

[1] Apéndice, págs. 10-11.
[2] Apéndice, págs. 1-9.

a diversas propiedades comerciales y residenciales aseguradas, ascendentes a $958,659.62 y $664,188.41, respectivamente, menos el deducible aplicable. Además, reclamaron $10,000.00 en costas y gastos, más $50,000.00 en honorarios de abogados.

El 19 de marzo de 2020, MIC acreditó su alegación responsiva[3] y, en ella, negó las alegaciones en su contra. Hizo constar que, para finales del año 2019, realizó una oferta transaccional, tanto para la póliza comercial como para la residencial, basada en un informe pericial que le prepararon unos ajustadores independientes, sin embargo, los demandantes rechazaron ambas ofertas. Entre otras defensas afirmativas, MIC imputó a los demandantes estar impedidos de reclamar bajo el Código de Seguros de Puerto Rico, sin antes haber agotado el proceso administrativo ante la Oficina del Comisionado de Seguros de Puerto Rico (OCSPR), regulado por el Artículo 27.164 de la Ley Núm. 247-2018, 26 LPRA sec. 2716d. Argumentó, además, que la OCSPR es quien posee jurisdicción primaria exclusiva para atender este pleito, por lo cual, no procede la reclamación incoada al amparo del Código Civil de Puerto Rico.

Iniciado el descubrimiento de prueba, MIC instó una *Moción Eliminatoria*,[4] a los fines de que el foro primario remueva del expediente los estimados que los demandantes presentaron con el costo de reparación y/o reemplazo de los alegados daños por presuntamente ser impertinentes. Argumentó que, la póliza es la ley entre las partes y en ella pactaron que MIC no pagará más de la cuantía necesaria en la actualidad para reemplazar o reparar la propiedad. Discutió, además, que la póliza no provee un remedio para calcular la pérdida a base del valor real en efectivo.

---

[3] Apéndice, págs. 112-118.
[4] Apéndice, págs. 177-186.

En reacción, los demandantes se opusieron a la exclusión tanto de los informes de daños preparados por CAT Adjusters, Inc. como del testimonio de la ajustadora pública, Lizzette Santiago.[5] Por el contrario, adujeron que procede excluir los informes de ajuste preparados por Benjamín Acosta, Inc. y los correspondientes testimonios de los ajustadores de MIC, los cuales omitieron diversas partidas de daños y subvaloraron los costos de reparación o reemplazo, sin proveer explicación alguna a esos efectos.

Evaluado lo anterior, junto a la réplica[6] y a la subsiguiente moción eliminatoria de MIC,[7] y celebrada la vista argumentativa para discutir tales solicitudes, el TPI notificó la *Resolución* impugnada. En ella, denegó los petitorios de exclusión de ambas partes. En su dictamen hizo constar que, los informes de daños que preparó CAT Adjusters, Inc. y el testimonio de Lizzette Santiago, ajustadora, son pertinentes y permisibles. Por último, el foro primario identificó tres (3) factores que los demandantes han de establecer mediante prueba, como condición para recuperar la cobertura del costo de reemplazo y el aumento del costo de la cobertura de construcción.

Inconforme, y luego de solicitar sin éxito la reconsideración del referido dictamen,[8] MIC insta el recurso de epígrafe del cual surgen los siguientes señalamientos de error:

> Incidió el Tribunal de Primera Instancia al determinar que los demandantes pueden recuperar la cobertura del costo de reemplazo y el aumento del costo de la cobertura de construcción como parte de sus daños si pueden probar que: (1) la demandada incumplió el contrato al no remitir el valor total real en efectivo adeudado en virtud de la Póliza, (2) los demandantes no pudieron cumplir porque el incumplimiento del Demandado les negó los fondos necesarios para reparar

---

[5] Apéndice, págs. 187-782.
[6] Apéndice, págs. 783-793.
[7] MIC instó una segunda *Moción Eliminatoria* en su intento por excluir la prueba documental que anunciaron los demandantes en el Informe de Conferencia con Antelación al Juicio. Entrada núm. 96 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.
[8] Apéndice, págs. 12-110.

la propiedad dañada, y (3) los demandantes habrían reparado la propiedad dañada de no ser por el incumplimiento del demandado.

Incidió el Tribunal de Primera Instancia al determinar que los Informes de Daños preparados por CAT Adjusters, Inc. y el testimonio de la ajustadora pública, Lizzette Santiago, son pertinentes y por lo tanto permisibles.

MIC argumenta en su recurso que procede excluir del expediente los estimados que presentaron los recurridos bajo el fundamento de que carecen de valor probatorio para la adjudicación de la presente causa. Lo antes debido a que, su obligación de pago presuntamente se limita al valor de la pérdida según la cláusula de costo de reemplazo, y procederá luego de que las reparaciones o reemplazos, en efecto, se hayan llevado a cabo. Añade que, los recurridos nunca presentaron un *Proof of Loss* a los efectos de obligar a MIC a pagar a base del valor real en efectivo.

En cumplimiento con nuestra *Resolución,* notificada el 19 de agosto de 2024, los recurridos comparecen en oposición a la expedición del auto de *certiorari.* Exponen que, no es equitativo por un lado que, MIC retenga el pago del valor actual en efectivo, con el efecto de que ellos como asegurados no puedan reemplazar o reparar las propiedades y, por otro lado, niegue la cobertura del costo de reemplazo hasta tanto los recurridos reparen o reemplacen las propiedades afectadas. Arguyen que, MIC no invocó en su alegación responsiva las disposiciones de la póliza sobre los métodos para estimar la compensación y los requisitos aplicables a cada uno, por lo cual renunció a dicha defensa afirmativa. Insisten además en que, los informes de daños que rindió CAT Adjusters, Inc. son relevantes al cálculo que hará el foro primario, en la eventualidad de que resuelva que los recurridos tienen derecho a recobrar a base del método de costo de reemplazo.

Con el beneficio de las comparecencias de ambas partes, resolvemos.

**II.**

**A.** *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias

específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

**III.**

El peticionario solicita que ejerzamos nuestra función discrecional, para dejar sin efecto el dictamen recurrido, mediante el cual, el foro primario no permitió la eliminación de cierta prueba anunciada en este caso. Surge de la *Resolución* impugnada que, el foro primario señaló tres (3) factores que los recurridos habrán de establecer mediante prueba, como condición para recuperar la cobertura del costo de reemplazo y el aumento del costo de la cobertura de construcción, tal cual lo dispuso la Corte de Distrito Federal en *Riverside Apartments of Cocoa, LLC v. Landmark American Insurance Company,* 505 F.Supp. 3d 1293, 1313 (M.D. Fla 2020). A esos efectos y tras celebrar una vista argumentativa, el foro primario dispuso que, los documentos que MIC solicitó excluir son admisibles y pertinentes para adjudicar la presente reclamación. A lo antes añadió que, la falta de claridad y especificidad en las defensas afirmativas que levantó MIC al contestar la demanda, no constituye una renuncia a tales defensas.

Luego de examinar el recurso instado, la oposición de los recurridos y el expediente voluminoso ante nuestra consideración, advertimos que, no identificamos un criterio jurídico particular que justifique nuestra intervención en esta etapa de los procesos. Nótese que, el peticionario cuestiona una determinación interlocutoria relacionada exclusivamente al manejo del foro primario sobre la presente causa y, en particular, la prueba pertinente a los asuntos pendientes ante su consideración. El pronunciamiento del TPI constituye un adecuado ejercicio de las facultades propias del foro de instancia. Además, colegimos de los autos que, previo a establecer los tres (3) elementos que los recurridos habrán de probar, el foro primario ponderó las posturas de ambas partes, en consideración al derecho aplicable y a los acuerdos plasmados en la póliza objeto de este pleito. Por tanto, no se desprende del expediente

ante nos que, en el ejercicio de sus facultades, el TPI haya incurrido en error o en abuso de discreción a los efectos de que proceda obviar la norma de abstención judicial.

Según indicamos, como regla general, este Tribunal no intervendrá con el manejo del caso y los asuntos litigiosos interlocutorios ante la consideración del foro primario. En las instancias en que se cuestionan determinaciones del TPI efectuadas en el ejercicio de su sana discreción -como en el caso de epígrafe-, al solicitar nuestra intervención, la parte interesada deberá demostrar que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.

Hemos evaluado el expediente ante nos y somos de la opinión de que, no se nos ha colocado en posición de autorizar la expedición del auto de *certiorari* ante nuestra consideración. Añádase que, la peticionaria tampoco ha presentado fundamentos para demostrar de forma fehaciente que, la falta de intervención de esta Curia, en esta etapa de los procesos, provocaría un fracaso irremediable a la justicia.

Por las razones que anteceden y a tenor con los criterios de la Regla 40 de nuestro Reglamento, *supra,* denegamos la expedición del auto de *certiorari,* según solicitado.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones